No. 4532.

Court of Appeal, Parish of Orleans.

# FRANK H. RHODES, ADMINISTRATOR OF THE SUCCESSION OF E. FOLEY, VS. METROPOLITAN INSURANCE COMPANY.

The beneficiary or assignee of a policy of life insurance on the life of one who is afterwards convicted and executed for crime cannot recover. The crime of the assured is not one of the risks coverd, and there is an implied obligation on his part to do nothing to wrong-

Appeal from Civil District Court, Division "B."

Thomas Flynn, Henriaues & Duchamp, for Plaintiff and Appellant.

Howe, Spencer & Cocke, for Defendant and Appellee.

DUFOUR, J.   The defendant issued a policy of insurance on the life of Charles Foley, payable to his estate; several years afterward the insured was convicted of murder and executed.

This suit by the executors to recover the avails of the policy is resisted by the company on the ground that death by legal execution is not such a death as was contemplated by the parties to the contract, and that public policy forbids recovery by the beneficiary when death ensued by reason of legal execution.

The policy makes no mention of death by capital punishment as being either included in or excepted from the risk.

The question presented arises for the first time in this State, and in consequence able counsel for plaitiff has argued the propositoin as an original one.

He has done so earnestly and forcibly.

The defence made, however, is supported by high authority in other urisdictions.

In 1830 Lord Linderhurst, as organ of the House of Lords in the so-called Fauntelcroy case, reported at 4 Bligh (U. S.), 194, says:

> "It appears to me that this resolves itself into a very plain and simple consideration. Suppose that, in the policy itself, the risk had been insured against—that is, that the party insuring had agreed to pay the sum of money, year by year, upon consideration that, in the event of his committing a capital felony, and being tried, convicted and exe-cuted for that felony, his assignees shall receive a certain

—47—

sum of money—is it possible that such a contract could be sustained? Is it not void upon the plainest principles of public policy?

"Would not such a contract (if available) take away one of those restraints operating on the minds of men against the commission of crime—namely, the interest we have in the welfare and prosperity of our connections? Now, if a policy of that description with such a form of condition inserted in it, in express terms, cannot, on the ground of public policy, be sustained, how it is to be contended that, in a policy expressed in such terms as the present, and after the events which have happened, we can sustain such a claim?

"Can we, in considering this policy, give to it the effect of that insertion which, if expressed in terms, would have rendered the policy as far as that condition went, at least, altogether void?"

The Supreme Court of the United States, in Burt vs. Ins. Co., 187 U. S., 365, approves the English case, and goes on to say:

"It cannot be that one of the risks covered by a contract of insurance is the crime of the insured; there is an implied obligation on his part to do nothing to wrongfully accelerate the maturity of the policy.

"Public policy forbids the insertion in a contract of a condition which would tend to induce crime, and as it forbids the introduction of such a stipulation it also forbids the enforcement of a contract under circumstances which cannot legally be stipulated for."

No decision to the cotrary has been found.

In Williams vs. Ins. Co., 3 Court of Appeal, 34, relied on by plaintiff, there was no question of public policy presented, but merely one of interpretation of certain clauses of the contract.

We deem it advisable to place our jurisprudence in accord with the views announced in the cases above cited.

The judgment rejecting plaintiff's demand is correct.